# Exhibit A

| COVER SHEET | 11-64644A | County: Plymouth |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Robin Merricks | Savers, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Jeffrey R. Mazer<br>Mazer Law Group, LLC 220 Broadway Suite 205<br>Lynnfield, MA 01940  781-596-8604<br>Board of Bar Overseers number: 647110 | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrim | ( F ) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $..........
2. Total Doctor expenses ................................................. $..........
3. Total chiropractic expenses ........................................... $..........
4. Total physical therapy expenses ...................................... $..........
5. Total other expenses (describe) ...................................... $..........
   Subtotal $..........
B. Documented lost wages and compensation to date ...................... $ 50,000.00
C. Documented property damages to date ................................. $..........
D. Reasonably anticipated future medical and hospital expenses ......... $..........
E. Reasonably anticipated lost wages ................................... $ 100,000.00
F. Other documented items of damages (describe) Emotional Distress
   $ 100,000.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Defendant represented that Plaintiff could take specified time off from work and then terminated Plaintiff for allegedly attendance deficiencies.
$..........
TOTAL $ 250,000.00

CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 4/8/11

AOTC-6 mic005-11/99
A.O.S.C. 1-2000

4/11/11

## COMMONWEALTH OF MASSACHUSETTS

Plymouth, ss

Superior Court
Civil Action No. 11- 0404A

```
***************************
ROBIN MERRICKS,          *
     Plaintiff,          *
                         *
v.                       *
                         *
SAVERS, INC.             *
     Defendant           *
***************************
```

### NOTICE OF APPEARANCE

Please enter my notice of appearance for the Plaintiff, Robin Merricks, in the above referenced matter.

Jeffrey R. Mazer
BBO # 647110
Mazer Law Group, LLC
220 Broadway, Suite 205
Lynnfield, MA 01940
(781) 596-8604

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO: 11-0404A

Robin Merricks ......................................, Plaintiff(s)

vs.

Savers, Inc. ......................................, Defendant(s)

A TRUE COPY ATTEST
D.H. KAMINS - PROCESS SERVER
& DISINTERESTED PERSON
DATE: 5/2/11

## SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon ...Jeffrey R. Mazer... plaintiff attorney, whose address is 220 Broadway, Suite 205 Lynnfield MA., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Brockton either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Brockton the ................................day of ..............................., in the year of our Lord Two thousand and ................

CLERK

### NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .............................., 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant , in the following manner(See Mass. R. Civ. P. 4(d)(1-5):..........................................................................

Dated: ,200 .....................................

N.B. TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

May 2, 2011

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Brockton.

4/11/11

MAR 11 2011
APR 11 2011

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

Superior Court
Civil Action No. 11-0404A

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
ROBIN MERRICKS             *
          Plaintiff,       *
    v.                     *
                           *
SAVERS, INC.               *
          Defendant        *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VERIFIED COMPLAINT
(JURY CLAIM)

### COUNT I
(Promissory Estoppel)

1. The Plaintiff, Robin Merricks ("Ms. Merricks"), is a resident of 6 Paddington Way Plymouth, Plymouth County, Massachusetts.

2. The Defendant, Savers, Inc. ("Savers") has its principal office located at, 10B Pilgrim Hill Road, Plymouth, Plymouth County, Massachusetts.

3. On or about December 23, 2008, Ms. Merricks applied for and was offered an Assistant Operations Supervisor ("AOS") position at Savers' Plymouth, Massachusetts store.

4. Prior to accepting this offer, Ms. Merricks met with Store Manager Geri Amaral and Operations Supervisor Eric Melancon.

5. During this meeting Ms. Merricks indicated that she was interested in the position, but would require two and a half weeks of leave in May to attend her son's out-of-state high school graduation and to move him back home.

6. Both Ms. Amaral and Mr. Melancon assured Ms. Merricks that this would not be a problem; however, she would not be paid for this leave.

7. Ms. Merricks found this acceptable, and in reliance upon the assurance of leave, accepted the OAS position.

8. On or about January 5, 2009, Ms. Merricks commenced her employment with Savers as an OAS at the Plymouth, Massachusetts store.

9. Ms. Merricks followed her work assignments and worked each day as scheduled.

10. On or about April 17, 2009 Ms. Merricks became ill while at work.

11. Savers' district manager, Mark Couture, told Ms. Merricks to leave and go to her doctor.

12. Ms. Merricks was subsequently diagnosed with a severe sinus infection and mononucleosis, and was told not to return to work until April 23, 2009.

13. Ms. Merricks immediately contacted Ms. Amaral and informed her of her situation.

14. Ms. Merricks noted she would be able to return to work on April 23, 2009.

15. She was not scheduled to return, however, until April 25, 2009.

16. On or about April 25, 2009, Ms. Merricks returned to work as scheduled and worked a full schedule until May 5, 2009.

17. Ms. Merricks' pre-approved leave to attend her son's graduation was scheduled for May 6, 2009 through May 26, 2009.

18. Notwithstanding Ms. Merricks' intended leave, she was requested by Ms. Amaral to return to work on May 25, 2009.

19. Ms. Merricks complied without hesitation.

20. Prior to leaving on May 5, 2009, Ms. Amaral asked Ms. Merricks to complete a leave of absence form.

21. At no time did Ms. Amaral indicate there might be a problem with Ms. Merricks' leave.

22. On or about May 15, 2009, Ms. Merricks contacted Ms. Amaral to inquire as to why her direct deposit pay check was not deposited into her bank account.

23. Ms. Amaral stated that her leave of absence was not approved and that Ms. Merricks was thereby terminated.

24. Ms. Amaral further stated she had a paper copy of Ms. Merricks' final pay check that she would mail to Ms. Merricks.

25. On or about May 22, 2009, Ms. Merricks called the Savers store in Plymouth, Massachusetts and spoke with Mr. Melancon.

26. Mr. Melancon told Ms. Merricks that he was unsure why there was a problem.

27. He presumed that her time off in April, while recovering from illness, had caused her to miss too many days from work, thus resulting in her termination.

28. Ms. Merricks relied upon Savers representation that she would be able to take time off in May.

29. Ms. Merricks' reliance upon Savers representations was reasonable.

30. Ms. Merricks relied upon Savers representations to her detriment when she was subsequently terminated for alleged attendance problems.

31. As a result of the conduct described above, Ms. Merricks suffered damages.

32. This count is for Promissory Estoppel.

WHEREFORE, Ms. Merricks demands Judgment against the Defendant, Savers, Inc. as follows:

A. That the Plaintiff be awarded compensatory damages;

B. That the Plaintiff be awarded emotional distress damages;

C. That the Plaintiff be awarded punitive damages;

D. That the Plaintiff be awarded attorney's fees, costs of suit, and interest;

E. And for such other relief as this Court may deem just and proper.

## COUNT II
(Violation of M.G.L c. 151B - Handicap Discrimination)

33. The Plaintiff, Ms. Merricks repeats and realleges each and every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

34. Ms. Merricks became ill while at work.

35. She sought the care of her doctor and was required to stay home from work for a limited period.

36. Upon informing Savers of her situation, Ms. Merricks was permitted to stay home.

37. Instead of allotting Ms. Merricks her required time off, however, Savers regarded Ms. Merricks as handicapped and unable to perform the major life activity of working.

38. For this reason they did not again schedule her to work until two days after she was permitted to return.

39. Savers regarded Ms. Merricks as handicapped and prohibited her from working when; in fact, she was able to return to work as early as April 23, 2009.

40. Throughout her term of employment Ms. Merricks ably performed the essential elements of her job.

41. At no time did Savers reference poor performance as a justification for Ms. Merricks' termination.

42. As Ms. Merricks' job description indicates, day-to-day operational management, and thus attendance, is an essential element of her job.

43. Ms. Merricks evidenced perfect attendance from her starting date of January 5, 2009 through her illness on April 17, 2009.

44. As discussed above, following Ms Merrick's illness, Savers regarding Ms. Merricks as disabled and unable to perform the life function of working.

45. As a result, Savers did not schedule Ms. Merricks to work until April 25, 2009.

46. Savers then justified its termination of Ms. Merricks on the basis that she had missed too many days of work.

47. Thus, Savers attempts to portray attendance as an essential element, yet because of its perception of Ms. Merricks as disabled, prevented her from attending her job.

48. Ms. Merricks was terminated because Savers regarded her as disabled, did not schedule her to work until after her allowed time of return, and then terminated her based on her absence.

49. As a result of the conduct described above, Ms. Merricks suffered damages.

50. This count is for handicap discrimination.

WHEREFORE, Ms. Merricks demands Judgment against the Defendant, Savers, Inc. as follows:

A. That the Plaintiff be awarded compensatory damages;

B. That the Plaintiff be awarded emotional distress damages;

C. That the Plaintiff be awarded punitive damages;

D. That the Plaintiff be awarded attorney's fees, costs of suit, and interest;

E. And for such other relief as this Court may deem just and proper.

COUNT III
(Breach of Contract)

51. The Plaintiff, Ms. Merricks repeats and realleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

52. Given Savers representation that Ms. Merricks would be allowed her May leave without consequence to her employment, Ms. Merricks reasonably relied on this representation to her detriment.

53. Specifically, she forsook obtaining other employment, and instead accepted the AOS position at Savers.

54. Ms. Merricks did not yet accept the offered position at the time Savers made the representation in question.

55. Thus, she was free to decline Savers' offer and accept other employment.

56. In reliance on Savers' representation, however, Ms. Merricks accepted the AOS position.

57. If Savers was unable to assure Ms. Merricks that she would be allowed her leave of absence in May, Ms. Merricks would not have accepted the AOS position at Savers.

58. Ms. Merricks, based upon her reliance of Saver's representations of the AOS position suffered a detriment.

59. Ms. Merricks was terminated despite Savers' assurance that a leave of absence would not affect her position.

60. As indicated above, Ms. Merricks acknowledges that she did not rely on Savers' representations to rebut her at-will status.

61. Rather, she relied upon Savers' assurance of an aspect of the employment.

62. Savers did not assure that Ms. Merricks was not an employee-at-will, but Savers did assure Ms. Merricks that her leave of absence would not detrimentally impact her employment status.

63. When Savers terminated Ms. Merricks citing that she had missed too many days, Savers expressly reneged on its assurance that Ms. Merricks' leave would not adversely affect her employment.

64. Savers' actions are compounded by the fact that at no time did Savers indicate that Ms. Merricks may not be allowed to take her leave of absence as promised.

65. Rather, Savers remained tacit, thus allowing Ms. Merricks to continue her reliance on Savers' original representation.

66. The fact that Ms. Amaral or Mr. Melancon did not know that Ms. Merricks would be terminated because of her leave does not excuse Savers' conduct in this situation.

WHEREFORE, Ms. Merricks demands judgment against the Defendant, Savers, Inc. in such amounts as may be determined.

PLAINTIFF REQUESTS JURY TRIAL ON ALL ISSUES SO TRIABLE

*Robin Merricks*
Robin Merricks

COMMONWEALTH OF MASSACHUSETTS

Then personally appeared the above named Robin Merricks who is known to me or has provided me with identification and who has made oath that she has read the allegations contained in this Complaint, and that they are true to the best of her knowledge and belief, before me this 4th day of April, 2011.

Notary Public: ANNE DeSTEFANO
My Commission Expires: 6/1/2012

Respectfully Submitted,

Robin Merricks,
By her Attorney

Jeffrey R. Mazer
BBO #647110
Mazer Law Group, LLC
220 Broadway, Suite 205
Lynnfield, MA 01940
(781) 596-8604